Matter of Silverman
2026 NY Slip Op 03446
June 3, 2026
Appellate Division, Second Department
Per Curiam
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Mark D. Silverman, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Mark D. Silverman, respondent. (Attorney Registration No. 1965094)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2024-05756
Hector D. Lasalle, P.J.
Mark C. Dillon
Colleen D. Duffy
Betsy Barros
Lourdes M. Ventura, JJ.

Catherine A. Sheridan, Hauppague, NY (Ann Marie Modica-Schaffer of counsel), for petitioner.
Long Tuminello, LLP, Bayshore, NY (Michelle Aulivola of counsel), for respondent.

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on January 30, 1985.
Per Curiam.

[*1]
Per Curiam.

OPINION & ORDER
The Grievance Committee for the Tenth Judicial
District commenced a formal disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by serving and filing a notice of petition and a verified petition, both dated July 8, 2024. A related disciplinary proceeding was commenced against the respondent's law partner (see Matter of Taylor, _____ AD3d _____). The respondent filed a verified answer dated July 19, 2024. The Grievance Committee served and filed a statement of disputed and undisputed facts dated July 25, 2024, to which the respondent provided a response, through counsel, dated July 30, 2024. By decision and order dated September 19, 2024, the Court, pursuant to 22 NYCRR 1240.8(b)(1), referred the matter to the Honorable Sandra L. Sgroi, as Special Referee, to hear and report. By agreement of the respondent and his partner, a joint disciplinary hearing was conducted. In separate reports dated March 11, 2025, the Special Referee sustained all four charges in the petition against the respondent and his partner, respectively. By notice of motion dated April 4, 2025, the Grievance Committee moves to confirm the report of the Special Referee and impose such discipline upon the respondent as this Court deems just and proper. In response, the respondent submits an affirmation that does not challenge the Special Referee's report, as he has admitted to all of the factual allegations asserted in the petition, but requests leniency from this Court. The respondent requests the imposition of a sanction no greater than a public censure.
The Petition
The verified petition alleges four charges of misconduct surrounding the respondent's escrow account maintained at Citibank, entitled "Silverman and Taylor PLLC, Attorney Escrow," with account number ending in 9957 (hereinafter the escrow account). The respondent is a partner in the law firm Silverman and Taylor, PLLC. At all relevant times, the respondent and his law partner, Daivery Gerard Taylor, were the only signatories on the escrow account.
Between January 2017 and April 2019, five disbursements relating to five different client matters, amounting to $25,777.35, were made from the escrow account without having sufficient correlating funds on deposit. Additionally, as of April 30, 2021, the respondent was required to maintain at least $629,809.79 on deposit in the escrow account in connection with 21 client matters. On April 30, 2021, the balance in the escrow account was $608,627.49, reflecting a shortage of $21,182.30.
On December 10, 2021, the respondent was required to maintain at least $1,216,647.88 on deposit in the escrow account in connection with 21 client matters. On December 10, 2021, the balance in the escrow account was $1,186,281.47, reflecting a shortage of $30,366.41.
Based on the above, charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0).
In addition to the allegations as outlined in charge one, between January 2017 and December 2021, the respondent failed to make accurate entries of all financial transactions in the escrow account, make a record of receipts and disbursements in a ledger book or similar record at or near the time of the transactions, and failed to regularly reconcile the escrow account.
Based on the above, charges two and three, respectively, allege that the respondent failed to make accurate entries of all financial transactions in the escrow account in a ledger book or similar record at or near the time of the transactions, in violation of rule 1.15(d)(2) of the Rules of Professional Conduct, and that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer by failing to regularly reconcile the escrow account, in violation of rule 8.4(h) of the Rules of Professional Conduct.
Further, based upon the conduct described in charges one to three, charge four alleges that the respondent engaged in conduct adversely reflecting on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct.
The Hearing Record
On October 9, 2024, and November 7, 2024, joint prehearing conferences were conducted. A joint hearing was held on December 19, 2024. The Grievance Committee entered six exhibits into evidence to prove its case in chief against the respondent. The respondent submitted 13 character letters, testified on his own behalf, and called three character witnesses to testify on his behalf: the Honorable Robert A. McDonald, Peter J. Moschetti, and Debra Silverman. At the hearing, the respondent admitted to all of the factual allegations contained in the petition and testified in mitigation.
The respondent testified that he started the law firm Silverman and Taylor, PLLC (hereinafter the law firm) with Taylor in 1999. The nature of their 25-year law practice has been a "full-service practice," including personal injury, criminal, matrimonial, simple estate, and real estate matters.
The respondent admitted under oath that since 2019, the law firm's escrow account had a shortage of $22,500 due to an over-disbursement in the Satterwhite matter, where a third-party settlement check was returned for insufficient funds, causing a continuous deficiency in the escrow account. The respondent did not realize this deficiency until well into the Grievance Committee's investigation, as stated in respondent's affidavit dated September 7, 2023. Despite the escrow account deficiency, the respondent testified that he and Taylor always tried to do right by their clients, but their bookkeeping was incorrect and the ledger that they kept "wasn't the best ledger to keep."
In mitigation, the respondent testified that the law firm now maintains an individual ledger for each client as opposed to the running ledger upon which they used to rely. The respondent also testified that they review the individual client ledgers each month.
As to the respondent's community and charity involvement, he testified that he is involved in Hope for Youth, which is headquartered in Amityville and supports a number of therapeutic group homes for children up to age 21. The respondent has been involved with that organization for approximately 30 years and served as the president of the board for at least a dozen years.
The Special Referee's Report
In her report, the Special Referee sustained all charges in the petition and noted the "substantial mitigation presented" attesting to the respondent's excellent reputation and integrity, including his charitable and volunteer efforts in the community. The Special Referee found that the [*2]respondent provided evidence of corrective measures taken, including the deposit of personal funds to cover any shortfall in the escrow account, and that he displayed genuine remorse and acceptance of responsibility, as well as cooperating with the Grievance Committee.
The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The Grievance Committee provides that the respondent has prior disciplinary history including one admonition, two admonitions personally delivered, six letters of caution, and two dismissals with advisements. The record also indicates that in July 2006, the law firm was convicted of scheme to defraud in the first degree (one count) and offering a false instrument for filing in the first degree (four counts).
In response, the respondent does not challenge the Special Referee's report but requests leniency from this Court. The respondent asserts that he has submitted evidence of his pro bono efforts, his various community and charitable activities, the absence of any harm to clients, the absence of allegations that any escrow account funds were intentionally converted, the corrective measures taken, the respondent's remorse, and the unlikelihood that he will engage in similar misconduct in the future. Therefore, the respondent requests a sanction no greater than a public censure.
Findings and Conclusion
In view of the respondent's admissions and evidence adduced at the hearing, we find that the Special Referee properly sustained all four charges in the petition. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.
In determining the appropriate measure of discipline, notwithstanding the aforementioned mitigating factors, the respondent failed to abide by the rules governing the maintenance of an attorney escrow account for several years, during which time he misappropriated funds entrusted to him as a fiduciary, allowing a rolling deficiency of up to $30,366.41 to persist in the escrow account. The respondent only realized there was an issue with the escrow account well into the Grievance Committee's investigation and only after the Grievance Committee identified the over-disbursements and deficiencies. Further, the respondent did not complete a proper reconciliation of his escrow account until approximately six years after the first over-disbursement.
Under the totality of the circumstances, we find that the respondent's conduct warrants a suspension from the practice of law for a period of three years (see Matter of Pacifico, 213 AD3d 121).
LASALLE, P.J., DILLON, DUFFY, BARROS and VENTURA, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Mark D. Silverman, is suspended from the practice of law for a period of three years, commencing July 3, 2026, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 3, 2029. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension, he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Mark D. Silverman, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Mark D. Silverman, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Mark D. Silverman, has been issued a secure pass [*3]by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Darrell M. Joseph
Clerk of the Court